UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SUNDAY DIXON OREKOYA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-11964-NMG |
| | ) | |
| ANDREW RAINER, et al, | ) | |
| Defendants. | ) | |

<u>MEMORANDUM AND ORDER</u>

For the reasons set forth below: the summonses that were
issued are hereby rescinded and plaintiff shall show cause why
this Court should not (1) dismiss this action in its entirety;
(2) impose a monetary sanction of $1,000 on plaintiff; and (3)
enjoin plaintiff from filing any additional or new claims, cases,
complaints, or other documents in the District of Massachusetts
concerning the alleged actions, or inactions, of the defendants
without first obtaining the written approval of a judge of this
Court.

<u>BACKGROUND</u>

On August 15, 2013, Plaintiff Sunday Dixon Orekoya, a
resident of Billerica, Massachusetts, filed his self-prepared
complaint against three Massachusetts attorneys, two
Massachusetts law firms and the American Civil Liberties Union
Foundation of Massachusetts.  Complaint ("Compl.").  Plaintiff
paid the $400 filing and administrative fees.  <u>See</u> Docket.

The defendants are plaintiff's former legal counsel in
<u>Orekoya, et al. v. Mooney, et al.</u>, C.A. No. 92-11794-MEL
(judgment for defendants), <u>aff'd</u>, No. 02-1306 (1st Cir. May 15,

2003) (district court judgment for defendants affirmed).  In an order dated August 30, 2006, Judge Lasker noted that "it is clear that [plaintiff] has no legal right to pursue the matter further."  See Docket No. 245 (08/30/06 Order), C.A. No. 92-11794-MEL.  Judge Lasker then enjoined plaintiff "from taking any further action in this court in this case and risks the penalties of contempt of court if he violates this order."  Id.

Plaintiff, apparently unwilling to accept the court rulings of the district and appeals courts, made several unsuccessful attempts to have his case revisited.  See Orekoya v. Mooney, No. 06-2373, 2/22/07 Judgment.  At that time, the United States Court of Appeals for the First Circuit imposed a sanction of $1,000 on the plaintiff.  Id.  Specifically, the First Circuit affirmed the district court's order of August 30, 2006, affirmed the injunction issued by the district court, and imposed a sanction of $1,000 on the plaintiff for disregarding the court's previous ruling.  Id.

More recently, on May 9, 2013, Chief Judge Patti B. Saris entered an order dismissing Orekoya v. Rainer, et al., C.A. No. 13-11061-PBS (closed).  The complaint filed in the instant action is almost identical to the complaint filed by plaintiff earlier this year.  Chief Judge Saris' order advised plaintiff that he could be subject to sanctions should he make any additional submissions to this Court concerning the alleged actions, or

2

inactions, of the defendants in connection with the 1992 civil

action.  <u>See</u> Docket No. 5 (May 9, 2013 Memorandum and Order),

<u>Orekoya v. Rainer, et al.</u>, C.A. No. 13-11061-PBS.

DISCUSSION

I     <u>Standard of Review</u>

A district court has the inherent power to manage its own

proceedings and to control the conduct of litigants who appear

before it through orders or the issuance of monetary sanctions

for bad-faith, vexatious[1], wanton or oppressive behavior.  <u>See</u>

<u>Chambers v. Nasco, Inc.</u>, 501 U.S. 32, 46-50, 111 S.Ct. 2123, 115

L.Ed.2d 27 (1991).  This Court also has inherent authority to

review a case to determine, among other things, whether or not it

is frivolous as that term is used in legal parlance.  <u>See</u> <u>Bustos</u>

<u>v. Chamberlain</u>, 2009 WL 2782238, *2 (D.S.C. 2009) (noting that

the court has inherent authority "to ensure a plaintiff has

standing, that subject matter jurisdiction exists, and that a

case is not frivolous") citing, <u>inter</u> <u>alia</u>, <u>Mallard v. United</u>

<u>States District Court for the Southern District of Iowa</u>, 490 U.S.

---

[1]Vexatious conduct occurs where a party's actions are
"frivolous, unreasonable, or without foundation."  <u>Local 285
Serv. Employees Int'l v. Nontuck Res. Assoc., Inc.</u>, 64 F.3d 735,
737 (1st Cir. 1995) (internal citations omitted); <u>accord
Alexander v. United States</u>, 121 F.3d 312, 315-16 (7th Cir. 1997)
(sanction appropriate when "objectively unreasonable
litigation-multiplying conduct continues despite a warning to
desist").  Vexatious conduct may be found even in the absence of
subjective bad intent, <u>Local 285 Serv. Employees Int'l</u>, 64 F.3d
at 737.

296, 307-308, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989); see also
Cox v. Rushie, 2013 WL 3197655, *4 (D. Mass. Jun. 18, 2013)
("where a § 1915 screening was not applicable because a pro se
party paid the filing fee, the Court still had inherent authority
'wholly aside from any statutory warrant' to act sua sponte")
(citing Pillay v. INS, 45 F.3d 14, 16-17 (2d Cir. 1995) and Rolle
v. Berkowitz, 2004 WL 287678, *1 (S.D.N.Y. 2004) (sua sponte
dismissal in fee-paying pro se case is warranted where the claims
presented no arguably meritorious issue to consider)).

A sua sponte dismissal entered without notice or opportunity
to amend "may be proper in relatively egregious circumstances."
Martinez-Rivera v. Sanchez Ramos, 498 F. 3d 3, 7 (1st Cir. 2007).
A district court may sua sponte dismiss a complaint if amendment
would be futile or if it is patently obvious that the plaintiff
can not prevail.  See Rodriquez v. Casa Salsa Restaurant, 260 F.
Supp. 2d 413, 414 (D. P.R. 2003); accord Chute v. Walker, 281
F.3d 314, 318 (1st Cir. 2002) (if it is crystal clear that the
plaintiff cannot prevail and that amending the complaint would be
futile, then a sua sponte dismissal may stand); Wyatt v. City of
Boston, 35 F.3d 13, 15 n. 1 (1st Cir. 1994) (same).  Here,
plaintiff's complaint is clearly insufficient under these
standards.

II   The Instant Action is Abusive and Vexatious

The instant complaint simply restates plaintiff's belief

4

that, over twenty years ago, his former counsel provided flawed legal representation.  Only a few months earlier, plaintiff was advised that he could be subject to sanctions should he make any additional submissions concerning the alleged actions, or inactions, of the defendants in connection with the 1992 civil action.  See Orekoya v. Rainer, et al., C.A. No. 13-11061-PBS (closed May 13, 2013).

This Court finds that plaintiff's ceaseless assertion of frivolous claims against former counsel is abusive and vexatious, thus warranting the imposition of sanctions and an additional filing restriction.  Plaintiff will be prohibited from attempting to effectuate service of process on defendants.  If process has already been served, defendants shall not be obligated to file a responsive pleading to this action.

III  Sanctions

Under Rule 11, the Court may impose sanctions on an unrepresented party if he or she submits a pleading for an improper purpose or if the claims within it are frivolous or malicious.  See Fed. R. Civ. P. 11(b)(1), (2); Eagle Eye Fishing Corp. v. Department of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) (pro se parties, like all parties and counsel, are required to comply with the Federal Rules of Civil Procedure); Pronav Charter II, Inc. v. Nolan, 206 F. Supp. 2d 46, 53 (D. Mass. 2002) (Rule 11 applies to pro se litigants) (citation omitted).  Rule 11

exists, in part, to protect defendants and the Court from wasteful, frivolous and harassing lawsuits, and provides for sanctions as a deterrent.  See Navarro-Ayala v. Nunez, 968 F.2d 1421, 1426 (1st Cir. 1992).

The Court's records indicate that Orekoya was previously sanctioned $1,000 by the United States Court of Appeals for the First Circuit.  It is clear to this Court that further sanctions are warranted against the plaintiff for his continued bad faith in filing frivolous lawsuits against the defendants.

By Memorandum and Order dated May 13, 2013, Orekoya was advised that should he make any additional submissions against the defendants in connection with the 1992 civil action, he could be subject to sanctions.  Orekoya v. Rainer, et al., C.A. No. 13-11061-PBS (closed May 13, 2013).  Here, Orekoya has not heeded Judge Saris' May 13, 2013 Memorandum and Order.  Permitting plaintiff to continue his bath faith pleading pattern (i.e. continuing to file complaints against the defendants concerning the 1992 civil action), would undermine the purpose of the earlier 2006 order enjoining the plaintiff from making further filings in the 1992 civil action.

At this junction, a modest monetary sanction of one thousand dollars ($1,000.00) is deemed to be the least severe sanction this Court could impose on the plaintiff for his continued vexatious filings.  Such a sanction for repeated failure to comply with court orders is clearly within the purview of this

Court.  See e.g. Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003) (in imposing sanctions, the court must balance relevant factors, including (but not limited to) the trial court's need to manage its docket, the potential prejudice to the parties, and the policy of the law favoring disposition on the merits); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).

Accordingly, in light of the above, it is Ordered that plaintiff shall show good cause, within 14 days of the date of this Order, why this action shall not be dismissed in its entirety, with prejudice, pursuant to the Court's inherent power to impose sanctions for abuse of the judicial system.  Chambers v. Nasco, Inc., 501 U.S. at 32-49 (1991).  It is Further Ordered that Orekoya shall show good cause why he should not pay a monetary sanction of one thousand dollars ($1,000.00) and not be enjoined from filing any additional or new claims, cases, complaints, or other documents in the District of Massachusetts concerning the alleged actions, or inactions, of the defendants without first obtaining the written approval of a judge of this Court.

CONCLUSION

In light of the above, it is hereby ORDERED that

1.   The summonses are rescinded and plaintiff is prohibited from attempting to effectuate service of process on defendants.  If process has already been served, defendants shall not be obligated to file a responsive pleading to this action;

2.   Within fourteen (14) days of the date of this Memorandum and Order, plaintiff shall demonstrate good

7

cause why (a) this action should not be dismissed; (b) a monetary sanction of $1,000.00 should not be imposed against plaintiff; and (c) plaintiff should not be enjoined from filing any additional or new claims, cases, complaints, or other documents in the District of Massachusetts concerning the alleged actions, or inactions, of the defendants without first obtaining the written approval of a judge of this Court.

SO ORDERED.


September 6, 2013               /s/ Nathaniel M. Gorton
DATE                           NATHANIEL M. GORTON
                               UNITED STATES DISTRICT JUDGE